SAVOIE, Judge,
dissenting.
I respectfully dissent from the majority opinion of my learned colleagues. While the Court finds the applicability of LSA-C. Cr.P. art. 893.1 to be unclear in the instant matter, I find the statute’s language and legislative intent to be clear and unambiguous. In reading the majority opinion, it is clear that those events occurring prior to the commission of defendant’s crime were erroneously considered as supportive of Article 893.1’s application.[1] Rather, the proper consideration is whether or not the defendant “used” a weapon in the commission of the crime with which he was convicted.
Herein, the trial court sentenced defendant to serve five years at hard labor. Additionally, applying the provisions of 893.1, it imposed the sentence without benefit of parole, probation or suspension. Article 893.1 provides that:
*906 When the court makes a finding that a firearm was used in the commission of a felony and when suspension of sentence is not otherwise prohibited, the court shall impose a sentence which is not less than:
(1) The maximum sentence provided by law, in the same manner as provided in the offense, if the maximum sentence is less than five years, or
Imposition or execution of sentence shall not be suspended and the offender shall not be eligible for probation or parole.
Defendant pled guilty to accessory after the fact to second degree murder, a felony. An accessory after the fact is any person who, after the commission of a felony, shall harbor, conceal, or aid the offender, knowing or having reasonable ground to believe that he has committed the felony, and with the intent that he may avoid or escape from arrest, trial, conviction, or punishment. LSA-R.S. 14:25. By its very language, the acts which constitute this felony offense are the harboring, concealing, or aiding of a felony offender. As such, LSA-C.Cr.P. art. 893.1 would become applicable herein only if defendant “used”[2] a firearm in the harboring, concealing, or aiding of a felony offender.
The record is devoid of any evidence that defendant used, threatened anyone with, or even displayed his weapon while harboring, concealing, or aiding a felony offender. I find that under the particular facts and circumstances herein, defendant’s mere possession of a firearm during the time in which he was an accessory after the fact does not constitute “use” or employment of a firearm for the purpose of applying Article 893.1 to defendant’s sentence. The trial court having enhanced defendant’s sentence under Article 893.1 rendered an excessive sentence.
Defendant does not object to the sentence of five years at hard labor, only to the application of Article 893.1. Accordingly, the sentence insofar as the five years is so final. However, the trial court’s application of Article 893.1 in this instance, the requirement that defendant’s sentence be imposed without benefit of parole, probation, or suspension is erroneous and should be vacated.
For the above and forgoing reasons, I respectfully dissent from the majority’s opinion.

. The majority opinion reads as follows:
The defendant fired several shots during the high-speed chase to Baton Rouge. The defendant was armed before, during, and after the victim was shot by Shelby Arabie.
From the facts in the case sub judice, it is clear that the defendant could have been charged as a principal and tried for second degree murder.

. "Use" is defined as the act of employing. Black’s Law Dictionary 1710 (4th ed. 1951).